**EXHIBIT 3**



Accenture Federal Services
800 North Glebe Road
Suite 700
Arlington, VA 22203

February 15, 2019

VIA E-MAIL

Matthew Warren
43029 Lago Stella Pl.
Ashburn, VA 20148

          Re:    Separation Date/Post-Employment Obligations

Dear Mr. Warren:

      Pursuant to your January 9, 2019 notice of resignation, we write to inform you that Accenture Federal Services ("AFS") is waiving your 12 week notice requirement and agrees that your last day of employment shall be February 15, 2019. We further write to remind you of your post-employment obligations to AFS and to put you, and your new employer, Strategic Enterprise Solutions, Inc. d/b/a SE Solutions ("SE Solutions"), on notice of those post-employment obligations.

      As you are aware, joining a competitor is prohibited by the non-competition restriction contained in your employment agreement and RSU grants. However, with respect to your departure, AFS is prepared to defer action on seeking enforcement of the non-compete provisions, provided that, as required by the terms of your agreements, for 12 months after your last day of employment with AFS: (1) you will not directly or indirectly solicit Restricted Clients you worked with while at AFS and Prospective Restricted Clients you were developing while here; and (2) you will not directly or indirectly recruit or solicit certain employees to join you at SE Solutions (these terms are defined and explained further in your agreements, and referenced below). We also expect that you will honor your commitment at all times following your departure from AFS, not to use, communicate, or otherwise disclose Confidential Information, including any trade secrets.

Matthew Warren
February 15, 2019
Page 2

      Your employment agreement prohibits you from directly or indirectly soliciting, employing or retaining any Accenture resources (1) with whom you had material dealings, (2) about whom you obtained confidential (i.e., non-public) information, or (3) whom you supervised on a client or prospective client engagement during the last 24 months of your employment. If we become aware of your involvement in the recruitment of such resources to SE Solutions, we will take immediate action to enforce this prohibition including the recovery of any and all available damages.

      Nothing in this letter waives or modifies the terms of the agreements entered into between you and AFS or its affiliates, nor are AFS' rights and remedies under those agreements waived; however, in the interest of transparency, I want to identify a non-exhaustive list of prohibited clients for whom you had responsibility based on the scope of your role at AFS. Should you work with or solicit business competitive to AFS, either directly or indirectly, from any of these clients, including bureaus, offices, components, or similar organizational units or sub-units (collectively "Restricted Clients"), you will be in violation of the non-solicitation restrictions contained in your agreements:

      United States Department of Homeland Security (DHS), including DHS HQ and all Operational and Support Components, including without limitation:

           United States Coast Guard

           United States Federal Emergency Management Agency

           United States Immigration & Customs Enforcement

           United States Secret Service

           United States Transportation Safety Administration

           United States Citizenship and Immigration Service

           United States Customs and Border Protection

      United States Department of Commerce

      United States Department of Education

      United States Department of Energy

      United States Environmental Protection Agency

CONFIDENTIAL

SHI00510263

Matthew Warren
February 15, 2019
Page 3

      United States Department of Justice

      National Aeronautics and Space Administration

      United States Nuclear Regulatory Commission

      United States Department of State

      Administrative Office of United States Courts

      To be clear, your post-employment restrictions require that you have no involvement whatsoever in soliciting work from any of the Restricted Clients or providing services to the Restricted Clients for the twelve (12) months after your employment ends with AFS. That would include, but not be limited to, indirectly assisting SE Solutions personnel in pursuing strategies for pitching business to the Restricted Clients, developing ideas or offerings that will be used by other SE Solutions personnel for the Restricted Clients, reviewing or providing input into SE Solutions responses to Requests for Information, Requests for Proposals or similar solicitations from the Restricted Clients, or using or disclosing any confidential information or trade secrets regarding AFS' internal strategies for growing its business with the Restricted Clients, including, but not limited to, plans to pursue so-called "wedge deals" from the Restricted Clients. We expect strict adherence to all of the restrictive covenant provisions contained in your employment agreement.

      If you have specific questions regarding these continuing restrictions, I first recommend that you consult your employment agreement. If you have any further questions, please do not hesitate to contact me directly.

      Thank you for your kind attention to this matter, and we wish you the best in your future endeavors.

                                Sincerely,

                                Gerard F. Amann
                                General Counsel and Secretary

cc:    Mark Scheffel, SE Solutions
        John Harllee

CONFIDENTIAL        SHI00510264