**EXHIBIT 5**

> accenture

Accenture Federal Services
800 North Glebe Road, Suite 700
Arlington, VA 22203
accenture.com/federal

May 1, 2019

VIA OVERNIGHT MAIL

Bradford Cole
10001 Valley Creek Ln.
Vienna, VA 22182

Re:   Post-Employment Obligations

Dear Mr. Cole:

Congratulations on your new role at SE Solutions. We write to remind you of your post-employment obligations to AFS and to put you, and your new employer, Strategic Enterprise Solutions, Inc. d/b/a SE Solutions ("SE Solutions"), on notice of those post-employment obligations.

As you are aware, joining a competitor is prohibited by the non-competition restriction contained in your employment agreement and RSU grants. However, with respect to your departure, AFS is prepared to defer action on seeking enforcement of the non-compete provisions, provided that, as required by the terms of your agreements, for 12 months after your last day of employment with AFS: (1) you will not directly or indirectly solicit Restricted Clients you worked with while at AFS and Prospective Restricted Clients you were developing while here; and (2) you will not directly or indirectly recruit or solicit certain employees to join you at SE Solutions (these terms are defined and explained further in your agreements, and referenced below). We also expect that you will honor your commitment at all times following your departure from AFS, not to use, communicate, or otherwise disclose Confidential Information, including any trade secrets.

Your employment agreement prohibits you from directly or indirectly soliciting, employing or retaining any Accenture resources (1) with whom you had material dealings, (2) about whom you obtained confidential (i.e., non-public) information, or (3) whom you supervised on a client or prospective client engagement during the last 24 months of your employment. If we become aware of your involvement in the recruitment of such resources to SE Solutions, we will take immediate action to enforce this prohibition including the recovery of any and all available damages.

Nothing in this letter waives or modifies the terms of the agreements entered into between you and AFS or its affiliates, nor are AFS' rights and remedies under those agreements waived; however, in the interest of transparency, we want to identify a non-exhaustive list of prohibited clients for whom you had responsibility based on the scope of your role at AFS.

Page 2 of 3

Should you work with or solicit business competitive to AFS, either directly or indirectly, from any of these clients (collectively "Restricted Clients"), you will be in violation of the non-solicitation restrictions contained in your agreements:

United States Coast Guard

United States Department of Commerce

United States Department of Homeland Security, including DHS HQ and all Operational and Support Components

United States Department of Education

United States Department of Energy

United States Environmental Protection Agency

United States Federal Emergency Management Agency

United States Immigration & Customs Enforcement

United States Department of Justice

National Aeronautics and Space Administration

United States Nuclear Regulatory Commission

United States Secret Service

United States Department of State

United States Transportation Safety Administration

Administrative Office of United States Courts

United States Citizenship and Immigration Service

    To be clear, your post-employment restrictions require that you have no involvement whatsoever in soliciting work from any of the Restricted Clients or providing services to the Restricted Clients for the twelve (12) months after your employment ends with AFS. That would include, but not be limited to, indirectly assisting SE Solutions personnel in pursuing strategies for pitching business to the Restricted Clients, developing ideas or offerings that will be used by other SE Solutions personnel for DHS, reviewing or providing input into SE Solutions responses to Requests for Proposals from the Restricted Clients, or using or disclosing any confidential information or trade secrets regarding AFS' internal strategies for growing its business with the Restricted Clients, including, but not limited to, plans to pursue so-called "wedge deals" from the Restricted Clients. We expect strict adherence to all of the restrictive covenant provisions

Page 3 of 3

contained in your employment agreement. Any violations may result in litigation against you for breach of your employment agreement, and, potentially, SE Solutions, for tortiously interfering with that agreement.

If you have specific questions regarding these continuing restrictions, I first recommend that you consult your employment agreement. If you have any further questions, please do not hesitate to contact me directly.

Thank you for your kind attention to this matter, and we hope that we will not have to revisit these issues with you in the future.

Sincerely,

Gerard F. Amann
General Counsel and Secretary


cc: John Wayne, President and COO, SE Solutions