**EXHIBIT 65**

DocuSign Envelope ID: 7C3B3D3B-E5C1-4C18-9C65-D788EBD8E220

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| KATHLEEN ABREY,<br><br>        Plaintiff,<br><br>v.<br><br>STEAMPUNK HOLDINGS, INC.,<br><br>        Defendant. | Civil Action No.: 1:22-cv-00654-MSN-LRV |

**PLAINTIFF'S SECOND SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST SET OF INTERROGATORIES**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure ("Federal Rules"), and all relevant provisions thereof, Plaintiff Kathleen Abrey ("Plaintiff"), by and through her undersigned counsel, Wigdor LLP, provides her second supplemental responses to Defendant Steampunk Holdings, Inc.'s ("Steampunk" or the "Company") First Set of Interrogatories in accordance with the numbered requests as set forth below. These responses reflect Plaintiff's current knowledge and the results of her investigation to date. Plaintiff reserves the right to further amend or supplement these responses in the future in accordance with FRCP 26(e)(1) as may be necessary or appropriate.

**OBJECTIONS TO "DEFINITIONS" AND "INSTRUCTIONS"**

Plaintiff objects to Defendant's "Definitions" and "Instructions" to the extent that Defendant seeks to impose obligations that go beyond the provisions and requirements of the FRCP and the Local Civil Rules.

**RESPONSES AND OBJECTIONS TO SPECIFIC INTERROGATORIES**

11. Please describe with specificity the discussions and conversations referenced in Paragraph 91 of the Amended Complaint. Your description should include the identity of each and

1



DocuSign Envelope ID: 7C3B3D3B-E5C1-4C18-9C65-D788EBD8E220

every colleague or coworker with whom you had a discussion; the date and location of each such discussion; the person initiating each such discussion; the names of those present during the discussion; the content or substance of the discussion; and whether any such discussion was memorialized in any manner, including through any electronic or paper recording.

**RESPONSE:**

Plaintiff objects to this Interrogatory as it is overly broad, oppressive and/or unduly burdensome in its request for Plaintiff to provide a narrative response regarding numerous conversations. Plaintiff objects to this Interrogatory as it seeks the disclosure of information that is protected from disclosure under attorney-client privilege, the work-product doctrine and/or any other privileges, protections, statutes, rules, regulations or common law principles. Plaintiff identifies the following individuals as persons with whom she recalls discussing the Company's reduction of her role in response to her pregnancy and parental leave: Diane Ashley, David Wolf, Sean Dillon, Matt Warren, John Harllee, Matt Reeves, and Sam Young. All of these conversations occurred over the telephone following Plaintiff's return from leave and before her termination. These conversations were not memorialized.

**SUPPLEMENTAL RESPONSE:**

Plaintiff identifies David Wolf and Dianne Ashley as the "two colleagues" that are referenced in the last sentence of Paragraph 91 of her Amended Complaint.

22. Please describe with specificity the acts or events that you contend show that you engaged in "protected activity" as that term is understood under Title VII and the VHRA. Your description should include, in chronological order, the material facts that support your contention.

**RESPONSE:**

Plaintiff objects to this Interrogatory as it seeks the disclosure of information already known or available to Defendant that is more readily obtained by Defendant without subjecting

DocuSign Envelope ID: 7C3B3D3B-E5C1-4C18-9C65-D788EBD8E220

Plaintiff to unreasonable burden and expense, as Plaintiff describes her protected activity in detail in her Amended Complaint and briefed this very issue in her opposition to Defendant's motion to dismiss. Plaintiff objects to this Interrogatory as it is overly broad, oppressive and/or unduly burdensome as it places no temporal limit or subject matter limit on the facts or events it seeks concerning Plaintiff's protected activity. Plaintiff objects to this Interrogatory as it seeks the disclosure of information that is protected from disclosure under attorney-client privilege, the work-product doctrine and/or any other privileges, protections, statutes, rules, regulations or common law principles. Plaintiff objects to this Interrogatory as it is premature and a contention interrogatory, such that Plaintiff cannot provide a full response until after further discovery is conducted. Plaintiff objects to this Interrogatory as it requires a legal conclusion about what constitutes "protected activity" "under Title VII and the VHRA," an assessment or determination which will be adjudicated only by a Judge and/or Jury.

**SUPPLEMENTAL RESPONSE:**

Plaintiff directs Defendants to her Amended Complaint that includes allegations concerning the protected activity that Plaintiff can specifically recall and/or can summarize in this response. Such examples include but are not limited to the following: Most notably, on January 13, 2021, one day before her termination, Ms. Abrey complained about Defendants' apparent reluctance to hire a female candidate who disclosed that she was planning on and/or going to have a baby. ¶¶ 140-148. In objecting to Mr. Harllee expressing "misgivings" about hiring a project manager who was to go on maternity leave in several months, Ms. Abrey objected to Mr. Harllee engaging in a "decision or approach" that is "discriminatory." ¶ 144. Ms. Abrey "stated that failing to hire the female candidate because of the possibility that she would be pregnant or take leave would be discriminatory and unlawful, and would open the Company up to legal trouble and

3

DocuSign Envelope ID: 7C3B3D3B-E5C1-4C18-9C65-D788EBD8E220

a possible lawsuit." ¶ 145. Ms. Abrey stated, "Is it because she is a woman considering having a baby, like I was? Isn't that discriminatory? I've just been through this." ¶ 144 (emphasis added). Ms. Abrey then further complained about and objected to the discrimination she was subjected to at Steampunk, including mentioning "the undeniable fact that she herself had paid the price and was discriminated against as a woman in the terms and conditions of her employment, including being demoted promptly upon her return from maternity leave." ¶ 145.

In addition to Ms. Abrey's unambiguous protected activity the day before her termination in January 2021, she also engaged in protected activity during 2020, which coincided with Defendants' pattern of sidelining her: In May 2020, upon her return from maternity leave, Ms. Abrey directly complained to Defendants about their giving her role to a less senior, less qualified, and less experienced male colleague and stated that it was a "demotion" due to "her pregnancy, leave, and new status as a mother" (¶¶ 74-79); Ms. Abrey reiterated her complaints to Mr. Warren and Mr. Harllee the same week (¶ 79); in June 2020, Ms. Abrey again complained to Mr. Harllee about her "demotion" and "downgraded position and role … due to her having been pregnant and taken leave" (¶¶ 89-90); during the remainder of 2020, Ms. Abrey complained about Defendants' discrimination to at least six colleagues, one of whom told Defendants Warren and Harllee about her complaints (¶¶ 91-93); in July 2020, Ms. Abrey complained to Mr. Warren, Mr. Harllee, and Mr. LaRose that her "demotion came immediately upon her return from maternity, which she pointed out appeared to be patently discriminatory" (¶¶ 98-100); and, in mid-July 2020, Ms. Abrey complained to Mr. Warren that she believed that the ongoing diminishing of her role and removal of responsibilities was "improper and linked to her status as a woman who had become pregnant, taken leave, and was now a mother" (¶ 105).

DocuSign Envelope ID: 7C3B3D3B-E5C1-4C18-9C65-D788EBD8E220

Dated: April 3, 2023
      New York, New York

Respectfully Submitted,

**WIGDOR LLP**

By: _____
Lawrence M. Pearson
(Admitted *pro hac vice*) Alfredo J. Pelicci
(Admitted *pro hac vice*) 85 Fifth Avenue
New York, NY 10003
[t]: (212) 257-6800; [f]: (212) 257-6845
lpearson@wigdorlaw.com
apelicci@wigdorlaw.com

*Counsel for Plaintiff*

DocuSign Envelope ID: 7C3B3D3B-E5C1-4C18-9C65-D788EBD8E220

## VERIFICATION

I, ____Kathleen Abrey____, solemnly affirm, pursuant to the laws of the United States and the Commonwealth of Virginia, and under the penalty of perjury and upon personal knowledge, that the Answers to the foregoing Interrogatories are true and complete.

____04/03/2023 | 8:23 PM EDT____　　　　　By: ____*Kathleen Abrey*____
Date　　　　　　　　　　　　　　　　　　　　　　　85454E7FA94F479

DocuSign Envelope ID: 7C3B3D3B-E5C1-4C18-9C65-D788EBD8E220

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 15th day of March, 2023, I caused a copy of the foregoing *Amended Responses to Defendant's First Set of Interrogatories* to be sent by electronic mail to the following counsel of record:

Nigel L. Wilkinson (VA Bar No. 46500)
Jackson Lewis P.C.
10701 Parkridge Blvd., Suite 300
Reston, VA 20191
Tel: (703) 483-8300
Fax: (703) 483-8301
Janea.Hawkins@jacksonlewis.com

*Counsel for Defendant*

Lawrence M. Pearson, Esq., admitted *pro hac vice*
Alfredo J. Pelicci, Esq., admitted *pro hac vice*
Wigdor LLP
85 Fifth Avenue
New York, NY 10003
Tel.: (212) 257-6800
Fax: (212)-257-6845
Email: lpearson@wigdorlaw.com
Email: apelicci@wigdorlaw.com

Seth James B. Obed, Esq.
Obed Law Group, PLC
500 N. Washington St., #17
Alexandria, VA 22314
Tel.: (703) 567-4052
Fax: (703) 894-4940
Email: sobed@obedlaw.com

*Counsel for Plaintiff*